UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTI M. MANN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-cv-11578<br><br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING THE REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case arises from Defendant Commissioner's denial of Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. (ECF No. 1). Before the Court is Magistrate Judge Elizabeth A. Stafford's report and recommendation to resolve the parties' competing motions for summary judgment in the Commissioner's favor. (ECF No. 17; *see also* ECF Nos. 11, 15). Plaintiff filed timely objections to the magistrate judge's report and recommendation. (ECF No. 18). For the following reasons, the Court (1) overrules Plaintiff's objections to the report and recommendation, (2)

adopts the report and recommendation, (3) grants the Commissioner's motion for summary judgment, (4) denies Plaintiff's motion for summary judgment, and (5) affirms the Administrative Law Judge's (ALJ) finding that Plaintiff is not disabled.

## I. Background

Since Plaintiff does not object to magistrate judge's factual summary, the Court finds the recitation of the underlying facts accurate, and it will adopt the magistrate judge's summary of those facts as they appear in the report and recommendation. As is particularly relevant here, the ALJ found Plaintiff not disabled following a hearing, and the Appeals Council declined her request for review, making the ALJ's decision the final decision of the Commissioner in this case. (*See* ECF No. 17, PageID.1531-34).

## II. Legal Standards

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (internal quotation marks omitted).

For social security cases, this Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Further, a district court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## III. Analysis

### A. Objection 1

Plaintiff first objects on the basis that the magistrate judge and the ALJ failed to appropriately consider the records of her many medical appointments and the associated work absences that would be required for her to continue treatment, which should have precluded finding her capable of continuing work. (ECF No. 18, PageID.1554-57). Concerning this issue, Plaintiff's motion for summary judgment essentially argued that the time and involvement required for her frequent and recurring medical appointments precluded finding that she could perform sustained work activities. (ECF No. 11, PageID.1492-95).

Rejecting Plaintiff's argument in the first instance, the magistrate judge concluded that "Plaintiff has not shown that her frequent absenteeism stemmed from medically necessary treatment for the allegedly disabling conditions." The magistrate judge first stated that evaluating Plaintiff's argument would require her to scour through almost 1,000 pages of medical records, and she declined to do so. Nevertheless, the magistrate judge determined that Plaintiff's inclusion in the record of "appointments unrelated to the allegedly disabling condition" presented an independent basis to reject the argument. (ECF No. 17, PageID.1548).

As an initial matter, Plaintiff does not substantively address the magistrate's failure to fully review the appointment records at issue. Instead, she asserts in

passing that "[i]t is easy to follow the [Medical] Timeline when paging thru [sic] the F exhibit because each medical procedure occurs as noted by date, if they need to be read to verify their existence." (ECF No. 18, PageID.1554). As the magistrate recognized, however, Plaintiff's table summarizing her medical appointment history did not include PageID numbers as required when referencing the associated medical records elsewhere in the factual record, instead only generally identifying each individual medical record by exhibit number. Plaintiff's initial argument also encouraged "[a] simple review" of her medical records, but without any pinpoint citations to these records. (ECF No. 11, PageID.1492). And the totality of Plaintiff's medical records spanned over 900 pages, with some of the individual medical records each alone spanning over 100 pages.

Accordingly, the magistrate judge did not err by declining to search through this extensive administrative record for the specific evidence purportedly supporting Plaintiff's argument. *See Howard v. Comm'r of SSA*, No. 18-10522, 2019 U.S. Dist. LEXIS 155068, at *22-23 (E.D. Mich. Aug. 14, 2019) ("The administrative record in this case is over 550 pages long, and the Court will not search the record for potential arguments or evidence beneficial to Plaintiff."); *see also Marko v. Comm'r of Soc. Sec.*, No. 16-12204, 2017 U.S. Dist. LEXIS 113541, at *9-10 (E.D. Mich. July 21, 2017) (citing *Jones v. Comm'r of Soc. Sec.*, No. 12-2986, 2013 U.S. Dist. LEXIS 126077, 2013 WL 4748083, at *8 (N.D. Ohio Sept. 4, 2013)) ("[I]t is not the

Court's function to search the administrative record for evidence to support [Plaintiff's] 'argument' . . . . This Court does not conduct a *de novo* review in social security proceedings . . . .") (alterations in original).

Next, to the extent Plaintiff argues that the magistrate judge erred in her application of two cases to the instant dispute, the Court disagrees. Importantly, both cases involved, as here, plaintiffs arguing that either the ALJ or magistrate judge inadequately considered absenteeism due to medical treatment in evaluating their continued ability to work.

First, in *Griffin v. Comm'r of Soc. Sec.*, No. 15-13715, 2017 U.S. Dist. LEXIS 36620 (E.D. Mich. Mar. 15, 2017), the Court stated the applicable governing law as follows:

> [A]n ALJ assesses a claimant's residual functional capacity ("RFC"), or the claimant's ability to perform "sustained work-related physical and mental activities in a work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule." In making this determination, the Commissioner must take into consideration "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." Absenteeism due to the frequency of treatment is a relevant factor so long as the treatment is medically necessary and concerns the conditions on which the disability claim is founded.

*Id.* at *6.

The Court then concluded that (1) "the medical treatments referenced in Plaintiff's objection brief are relevant to the conditions she claims to be disabling";

and (2) "given the lack of contradictory evidence and lack of discussion by the ALJ regarding Plaintiff's absenteeism, the Court is unable to find that the conclusions made by the ALJ are supported by substantial evidence." *Id.* at *6-8. Accordingly, the Court remanded the case "for consideration of whether the frequency of Plaintiff's medically necessary treatment is work-preclusive . . . ." *Id.* at *8.

In contrast, the magistrate judge in *Monet v. Comm'r of Soc. Sec.*, No. 20-12484, 2022 U.S. Dist. LEXIS 18766 (E.D. Mich. Jan. 13, 2022), adopted by 2022 U.S. Dist. LEXIS 17529 (E.D. Mich Jan. 31, 2022), found no reversable error concerning the plaintiff's medical treatment and absenteeism. *Id.* at *19-21. Applying the same legal framework as in *Griffin*, the magistrate stated:

> The ALJ expressly addressed absenteeism in her RFC decision—she found unpersuasive Plaintiff's treating provider's opinion that he would need to miss four or more days of work per month as a result of impairments or treatment. The ALJ concluded this opinion exaggerated the severity of Plaintiff's limitations. And notably, Plaintiff argues his history of 19 hospital and doctor visits over 18 months would have precluded him from maintaining employment during that time, but he did not argue before the ALJ or this Court that he has ongoing treatment scheduled or requires recurring appointments that are only available during the workweek that would preclude gainful employment in the future. Nor did Plaintiff challenge that many of the hospital visits cited by Plaintiff related to conditions irrelevant to his disability application. For instance, on June 12, 2017, he presented to the hospital for an injury sustained while using a chainsaw. On September 21, 2017, Plaintiff complained of generalized abdominal pain, nausea, diarrhea, and a dry cough. During April 2018, he presented with left ear lobe swelling. Thus, the "sheer number" of hospital visits alone does not establish his claim for disability.

*Id.* (citations omitted).

As an initial matter, although the ALJ here did not specifically discuss absenteeism, it summarized Plaintiff's relevant treatment history as follows:

> While the record establishes that claimant pursued regular treatment for [her allegedly disabling] conditions, the treatment records and examination findings suggest that they may not be as limiting as she has generally alleged.

(ECF No. 6-1, PageID.85).

It therefore appears that the ALJ did consider, as required in evaluating Plaintiff's RFC, "[t]he effects of treatment, including . . . [the] frequency of treatment . . . ." *See Griffin*, 2017 U.S. Dist. LEXIS 36620 at *6. Specifically, the ALJ explicitly considered the "regular" frequency of Plaintiff's treatment but nevertheless concluded that she was not so limited in her ability to continue work as claimed.[1]

More importantly, however, both *Griffin* and *Monet* make clear that absenteeism is a relevant factor only so long as the treatment *concerns the conditions*

---

[1] The ALJ, in reaching its conclusion, relied in part on the following critical facts: "In March 2023, the Office of the Inspector General Cooperative Disability Investigations Unit (CDIU) completed an investigation of claimant due to inconsistencies between her medical records and her reported symptoms at her consultative examinations. Notably, investigators obtained video footage of claimant grocery shopping, including walking without an assistive device, lifting gallon jugs, handling her grocery bags, and conversing with the cashier. When investigators interviewed claimant at her home in January 2023, they observed that she did not use any assistive devices and that there were no assistive devices visible in the living room or dining room of her home[.]" (ECF No. 6-1, PageID.88; *see also id.* at 98-99).

*on which the disability claim is founded*. Here, Plaintiff "allege[d] disability resulting from low back pain, knee pain post replacement surgery, diabetes, multiple sclerosis [MS], poor eyesight, depression, and anxiety[.]" (ECF No. 6-1, PageID.97). As the magistrate judge correctly observed, however, a significant portion of the medical appointments Plaintiff cites involved treatment completely unrelated to these claims, like for headaches, stomach issues, and COVID-19. And a number of the appointments were virtual and thus presumably would not require missing much if any work. Even considering the totality of appointments listed, they only average between two and three appointments per month. (*See* ECF No. 16-1, PageID.1525-29).

Further, like the plaintiff in *Monet*, Plaintiff here has made no attempt, either before the magistrate judge or the Court, to (1) address the distinction between those appointments related to her disability claims and not, (2) challenge the fact that many of her appointments appear unrelated to her claimed disabilities, and (3) argue that she has ongoing treatment scheduled or requires recurring appointments that are only available during the workweek and would therefore preclude gainful employment in the future. Stated differently, Plaintiff essentially relies on the sheer number of appointments in the record alone, but—per *Monet*—this does not establish a claim for disability.

Accordingly, the Court, like in *Monet*, concludes that Plaintiff has not met her burden to show reversable error with respect to the absenteeism issue. *See Monet*, 2022 U.S. Dist. LEXIS 18766 at *20-21.

Lastly, while Plaintiff relies in part on *Jablonski v. Comm'r of Soc. Sec.*, 483 F. Supp. 3d 480 (E.D. Mich. 2020), this case does not validate her objection concerning absenteeism. First, *Jablonski* does not even address absenteeism in the context of medical appointments. As is potentially relevant, however, the Court stated:

> Plaintiff's undisputed testimony is that . . . he would have had to call in sick six to eight times per month. Given the [vocational expert's] testimony, which is also uncontested, that a person who regularly misses just two days of work per month is unemployable, the frequency, intensity, and duration of plaintiff's migraines are plainly disabling.

*Id.* at 488.

Notwithstanding that the case did not address the plaintiff missing work due to medical treatment, Plaintiff here seemingly argues that the vocational expert's testimony similarly warrants a finding of disability in light of her extensive treatment and the work absences required to attend her appointments. But while it was undisputed in *Jablonski* that the plaintiffs' six-to-eight absences per month were (1) due to the plaintiff's claimed disability and (2) well exceeded the number of absences an employer would accept, here it remains unclear—without scouring through hundreds of pages of the administrative record—how many of Plaintiff's two to three

appointments per month actually concerned her claimed disabilities as to be relevant at all. And like in *Monet*, it remains unclear that Plaintiff's continuing treatment, for her claimed disabilities only, would require missing work to an extent warranting a finding of disability in this case. For example, Plaintiff has not shown that her appointments are only available during her working hours as to preclude gainful employment. Nor does she address the number of virtual visits in her appointment history that reasonably could take place with minimal disruption to a workday.

In sum, because Plaintiff (1) relies on many medical appointments unrelated to her claimed disabilities and thus irrelevant here, (2) fails to establish that her relevant treatment history rises to a level that would preclude her continued work, and (3) essentially relies on the sheer number of appointments in the record alone, the Court overrules Plaintiff's first objection.

**B. Objection 2**

Plaintiff also claims that the Appeals Council should have considered three medical exhibits she submitted after the ALJ's decision. (ECF No. 18, PageID.1557-59). However, Plaintiff made essentially the same argument in her motion before the magistrate judge. (*See* ECF No. 11, PageID.1493 ("*Street v. Commissioner*, 390 F. Supp. 2d 630 (E.D. Mich. 2005)[,] should be utilized to remand this case . . . because of the medical records submitted to the Appeals Council and not admitted by them. Even though they post date the decision, their content . . . would . . . provide

a different decision by the ALJ."). She also does not identify any specific error by the magistrate judge concerning this issue. And "when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error." *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, No. 22-12010, 2023 U.S. Dist. LEXIS 160755, at *3 (E.D. Mich. Sep. 11, 2023) (citation omitted).

Resolving this issue in the first instance, the magistrate judge stated:

> Plaintiff contends that the ALJ should have considered records that postdated her insured status and that the Appeals Council erroneously declined to admit evidence that postdated the ALJ's decision. Plaintiff is correct that "medical evidence that postdates the insured status date may be, and ought to be, considered, insofar as it bears on the claimant's condition prior to the expiration of insured status," especially when it shows that normal examination findings reflect a period of MS remission. But plaintiff fails to cite what evidence the ALJ and Appeals Council ignored or explain how it bears on her condition. The Court declines to scour the record on her behalf.

(ECF No. 17, PageID.1542-43 (citations omitted)).

Importantly, Plaintiff's argument before the magistrate judge on this issue comprised only the one two-sentence paragraph quoted above. And Plaintiff did not provide the actual records at issue, nor did she explain their content or relevance beyond the general and conclusive assertion that "their content about the continuing and growing disabilities from MS would prove the presence of the disease at the earlier time and provide a different decision by the ALJ." (ECF No. 11,

PageID.1493). Plaintiff also made no effort to explain the holding or facts of *Street*, the only case she cited at the time, nor its applicability to this case.

Given these circumstances, the magistrate judge did not clearly err by rejecting Plaintiff's largely conclusory and unsubstantiated argument concerning those records not considered by the Appeals Council. *See LinTech Glob., Inc. v. CAN Softtech, Inc.*, No. 19-11600, 2026 U.S. Dist. LEXIS 41367, at *4 (E.D. Mich. Feb. 27, 2026) ("It is not sufficient to raise an issue in a perfunctory manner and expect the Court to put 'flesh on its bones.' Arguments adverted to 'in a perfunctory manner without an effort at developed argumentation' are deemed forfeited.") (quoting *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016)); *see also Howard*, 2019 U.S. Dist. LEXIS 155068 at *22-23 ("the Court will not search the record for potential arguments or evidence beneficial to Plaintiff"); *Marko*, 2017 U.S. Dist. LEXIS 113541 at *9-10 (E.D. Mich. July 21, 2017) ("[I]t is not the Court's function to search the administrative record for evidence to support [Plaintiff's] 'argument' . . . . This Court does not conduct a *de novo* review in social security proceedings . . . .") (alterations in original; citation omitted).

Accordingly, the Court overrules Plaintiff's second objection. And having overruled both Plaintiff's objections in this case, the Court adopts the magistrate judge's report and recommendation in full, grants the Commissioner's motion for

summary judgment, denies Plaintiff's motion for the same, and affirms the decision of the ALJ.

**IV. Conclusion**

For the reasons given, IT IS ORDERED that Plaintiff's objections (ECF No. 18) to the magistrate judge's report and recommendation are OVERRULED.

IT IS FURTHER ORDERED that the Commissioner's motion to dismiss (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to dismiss (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the ALJ's decision is AFFIRMED.

Dated: September 25, 2026

s/Robert J. White
Robert J. White
United States District Judge